State *v.* Gouge.

## THE STATE *v.* JOHN GOUGE.

CRIMINAL LAW. *Grand jury. Foreman of grand jury. Appointment.* The record showing that a grand jury was "empaneled and sworn," may be silent as to who was appointed foreman by the court. In such case, the record showing an indictment was returned into court endorsed a true bill, and signed by one of the jury as foreman, in the absence of plea in abatement to the regularity of the finding, and proof to sustain the plea, is sufficient evidence of the appointment of such foreman.

### FROM CARTER.

Appeal in error from the Circuit Court of Carter county. NEWTON HACKER, J.

ATTORNEY-GENERAL LEA for the State.

T. S. WEBB and S. J. KIRKPATRICK for Gouge.

FREEMAN, J., delivered the opinion of the court.

The defendant, jointly with one Ingram, was indicted and convicted of larceny by stealing a large sum of money, probably $1,000 or $1,500, from James Whitesides, of Carter county. John Gouge alone appeals in error to this court.

Several objections are urged for reversal which we proceed to notice. The first and main one is, that the record does not show affirmatively that T. L. Hyder, whose name appears on the indictment as foreman of the grand jury, reporting to the court as a "true bill," was appointed foreman.

The fact is as stated. But the record does show that he was sworn as one of the grand jury, that the thirteen names were regularly drawn to serve as grand jurors at this term, who being impaneled, charged and sworn to inquire for the · body of the county aforesaid, retired to consider of indictments and presentments.

It then shows that on the next day the grand jury came into court headed by their foreman, and returned into court the following indictment, to-wit, etc.

Our Constitution provides that no person shall be put to answer any criminal charge but by presentment, indictment or impeachment: Art. 1, sec. 14.

By section 4015, *et seq.*, the method of forming or impaneling a grand jury is prescribed, substantially,

by placing the names of parties summoned on the venire, who are in attendance, in a box or other receptacle, and having the scrolls drawn out by a child under ten years of age, "and the thirteen jurors whose names are first drawn shall be a grand jury for the term."

By section 4020 the court appoints the foreman of the grand jury, and if he is discharged or excused after the jury is sworn, his place may be supplied by the court.

The prescribed oath is then to be administered to the foreman, which is given at length, and then it is prescribed that the following oath shall thereupon be administered to the other grand jurors present: "The same oath which your foreman has now taken before you on his part, you and each of you shall well and truly observe and keep on your part, so help you God.'

By section 5076, the grand jury, after being impaneled and sworn, shall be charged by the court, then following a list of violations of law to be specially given in charge by the court.

It is seen from this that it is impossible to impanel and swear a grand jury under our law without the appointment of a foreman, for the oath of such a jury is alone administered in terms in full to such foreman, and the other jurors only sworn "to keep and observe the same oath as taken by him." The charge of the court can only be given after they are so impaneled, that is organized as required by the law, and sworn as we have stated. It would seem from these provisions that unless we shall presume

State *v.* Gouge.

against the regularity of the action of the court, and the contrary of what the record says, that is, that a grand jury was impaneled and sworn, we are bound to ·see from this record that a foreman was in fact appointed and sworn for the simple reason that such ·"impaneling and swearing" is shown by the record, and this cannot be done by law except a foreman is appointed.

No case is shown in brief of counsel where an indictment has been held fatally defective where the record failed to show who was appointed foreman of the grand jury. The only cases supposed to bear on the question are cases where an attorney-general *pro tem.* had signed indictments, and it has been held the record must show he had been appointed by the court, though it need not, that he had been sworn as required by law: *Hite* v. *State*, 9 Yer., 202; 3 Hum., 373.

But these cases are not in point on this question.

It is seen that the jury cannot be impneled and sworn without a foreman, and it is then required, it is true, that an indictment must be found by at least twelve of the grand jury, and .endorsed a "true bill," and this endorsement signed by the foreman, and thus it is presented to the court: Sec. 5093. And then by other sections of the Code in felony cases it is to be copied on the minutes of the court by order of the court.

We think the fact does of necessity appear in this record that a foreman was appointed by the court, and the record showing the return of this indictment into ·court, endorsed a true bill by "their foreman," and

the name of T. L. Hyder being so signed as foreman is sufficient evidence of his appointment, nothing appearing to the contrary, and no plea in abatement to the regularity of the finding of the indictment being interposed by the defendant.

We have examined the testimony in this case, and find it so abundantly sustains the verdict of the jury that we do not deem it necessary to discuss it at any length. We think the identification of the prisoner is satisfactory by the prosecutor, but if there were any doubt of this the admissions of the prisoner freely and voluntarily made are amply sufficient to show his guilty participation in the crime with which he stands charged and convicted.

Affirm the judgment.